UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:

| | |
|---|---|
| OLD CORKSCREW PLANTATION, LLC, | Chapter 11 Cases |
| OLD CORKSCREW PLANTATION, LLC, | Case No. 9:11-bk-14559 |
| OLD CORKSCREW PLANTATION II, LLC, | Case No. 9:11-bk-14563 |
| OLD CORKSCREW PLANTATION III, LLC, | Case No. 9:11-bk-14568 |
| OLD CORKSCREW PLANTATION IV, LLC, | Case No. 9:11-bk-14569 |
| OLD CORKSCREW PLANTATION V, LLC, | Case No. 9:11-bk-14572 |
| OLD CORKSCREW PLANTATION VI, LLC, | Case No. 9:11-bk-14578 |

Debtors.
_____/

## DEBTORS' MOTION FOR JOINT ADMINISTRATION

Old Corkscrew Plantation, LLC, Old Corkscrew Plantation II, LLC, Old Corkscrew Plantation III, LLC, Old Corkscrew Plantation IV, LLC, Old Corkscrew Plantation V, LLC, and Old Corkscrew Plantation VI, LLC (each, a "Debtor," and, collectively, the "Debtors"),[1] by and through undersigned counsel, pursuant to Fed. R. Bankr. P. 1015(b), file this *Debtors' Motion for Joint Administration* (the "Motion") seeking joint administration of their Chapter 11 cases. In support of this Motion, the Debtors rely upon the *Declaration of Scott Westlake in Support of First Day Pleadings* (the "First Day Declaration") filed on the Petition Date, and respectfully represent the following:

**Preliminary Statement**

1. Joint administration of these cases will obviate the need for duplicative notices, motions, applications, hearings, and orders, saving considerable time and expense for the

---

[1] The address of each of the Debtors is 22500 State Road 82, Fort Myers, FL 33913; and the last four digits of the taxpayer identification number of each of the Debtors follows in parenthesis: (i) Old Corkscrew Plantation, LLC (0851); (ii) Old Corkscrew Plantation II, LLC (5121); (iii) Old Corkscrew Plantation III, LLC (3909); (iv) Old Corkscrew Plantation IV, LLC (3911); (v) Old Corkscrew Plantation V, LLC (1515); and (vi) Old Corkscrew Plantation VI, LLC (9990).

3739611-2

Debtors and their estates, and will lessen the administrative burden on this Court. The Debtors believe that the relief requested in this Motion is needed immediately to avoid the substantial costs of duplicative mailing expenses that debtors traditionally incur after the Petition Date (as defined below). The Debtors anticipate that their principal secured and unsecured creditors would not oppose the relief requested herein, which seeks procedural relief only.

**Jurisdiction**

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1408, as the Debtors are located at 22500 State Road 82, Fort Myers, FL 33913.

4. Each of the Debtors is an affiliate of the other as contemplated by 11 U.S.C. § 101(2)(A).

**Background**

5. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

6. The Debtors are operating their businesses and managing their affairs as debtors in possession. 11 U.S.C. §§ 1107(a) and 1108.

7. The Debtors own approximately 5,625 acres of real property in Estero, Florida, approximately 4,622 acres of which are under cultivation as citrus groves. The groves are income producing. 15% of the Debtors revenues are derived from citrus picked to be sold as fruit in the grocery store. 85% of the Debtors' revenue is from fruit picked and sent to be

processed as juice. Currently, the Debtors' groves account for 1.2% of Florida's total citrus production.

8. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties-in-interest to the First Day Declaration.

**Relief Requested**

9. The Debtors seek entry of an order directing the joint administration of the Debtors' Chapter 11 cases for procedural purposes only pursuant to Federal Rule of Bankruptcy Procedure 1015(b).

10. The Debtors specifically request that their Chapter 11 cases be jointly administered under the lowest case number of Old Corkscrew Plantation, LLC.

11. The Debtors also request that if the cases were initially assigned to different judges, that the cases be transferred to the judge to whom the lowest numbered case was assigned.

**Basis For Relief**

12. Bankruptcy Rule 1015(b) provides in relevant part as follows: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

13. As described above, the Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code. Bankruptcy Rule 1015 promulgates the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. *See In re GlycoGenesys, Inc.*, 352 B.R. 568 (Bankr. D. Mass 2006); *In re PL Liquidation Corp.,* 305 B.R. 629, 633 (Bankr. D. Del. 2004); *In re N.S. Garrott & Sons,* 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.,* 55 B.R. 786, 791 (Bankr. M.D.

Tenn. 1982). The issues that will be addressed in these bankruptcy cases will be related and overlapping. Accordingly, the Court is authorized to grant the relief requested.

14. The Debtors submit that joint administration of their Chapter 11 cases will obviate the need for duplicative notices, motions, applications, hearings and orders, and will therefore save considerable time and expense for the Debtors and their estates.

15. The Debtors state that joint administration will not give rise to any conflict of interest among the estates of the Debtors. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities and will continue to maintain separate books and records. Moreover, each creditor may still file its proof of claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files. Finally, supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee will be simplified.

16. The interests of the Debtors, their estates, and all parties-in-interest would best be served by joint administration of the Debtors' Chapter 11 cases.

17. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered in the docket of each of the Debtors' cases to reflect the joint administration of the cases:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: Old Corkscrew Plantation, LLC; Old Corkscrew Plantation II, LLC; Old Corkscrew Plantation III, LLC; Old Corkscrew Plantation IV, LLC; Old Corkscrew Plantation V, LLC; and Old Corkscrew Plantation VI, LLC. The docket of Old Corkscrew Plantation, LLC (Case No. 9:11-bk-14559) should be consulted for all matters affecting this case.

**WHEREFORE**, the Debtors respectfully request entry of an order, in the form annexed hereto as Exhibit "A," authorizing the joint administration of these Chapter 11 cases for procedural purposes only and granting such other and further relief as is just and equitable.

Dated: July 29, 2011

Respectfully submitted,

BERGER SINGERMAN, P.A.
*Proposed Counsel for Debtors in Possession*
200 South Biscayne Blvd., Ste. 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: */s/ Paul Steven Singerman*
    Paul Steven Singerman
    Florida Bar No. 378860
    singerman@bergersingerman.com
    Debi Evans Galler
    Florida Bar No. 985236
    dgaller@bergersingerman.com
    Paul Avron
    Florida Bar No. 50814
    pavron@bergersingerman.com

and

Donald G. Scott
dscott@mcdowellrice.com
McDOWELL RICE SMITH & BUCHANAN, PC
605 W. 47TH Street, Suite 350
Kansas City, MO 64112
Telephone (816) 753-5400
Facsimile (816) 753-9996

*Proposed Co-Counsel to Debtors*

EXHIBIT "A"
PROPOSED ORDER

3739611-2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:

OLD CORKSCREW PLANTATION, LLC,
OLD CORKSCREW PLANTATION II, LLC,
OLD CORKSCREW PLANTATION III, LLC,
OLD CORKSCREW PLANTATION IV, LLC,
OLD CORKSCREW PLANTATION V, LLC,
OLD CORKSCREW PLANTATION VI, LLC,

Chapter 11 Cases
Case No.  9:11-bk-14559
Case No.  9:11-bk-14563
Case No.  9:11-bk-14568
Case No.  9:11-bk-14569
Case No.  9:11-bk-14572
Case No.  9:11-bk-14578

Debtors.
_____/

## ORDER GRANTING DEBTORS'
## MOTION FOR JOINT ADMINISTRATION

**THIS MATTER** having come before the Court upon the *Motion for Joint Administration* [D.E. No. __] (the "Motion") filed by the Debtors, Old Corkscrew Plantation, LLC, Old Corkscrew Plantation II, LLC, Old Corkscrew Plantation III, LLC, Old Corkscrew Plantation IV, LLC, Old Corkscrew Plantation V, LLC, and Old Corkscrew Plantation VI, LLC (collectively, the "Debtors").  The Motion requests entry of an order authorizing the joint administration of the bankruptcy cases of the Debtors.  The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. 157; (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; (iv) the Court is authorized to grant the Motion without a hearing; (v) upon the record herein after good and sufficient cause existing for the granting of the relief as set forth herein; it is

**ORDERED** that:

1.      The Motion is **GRANTED**.

3739614-1

2. The above-captioned bankruptcy cases are jointly administered for procedural purposes under Case No. 9:11-bk-14559.

3. The style of these jointly administered cases shall be in the style set forth below:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:

| | |
|---|---|
| OLD CORKSCREW PLANTATION, LLC, *et al.*,<br><br>        Debtors.<br>_____/ | Case No. 9:11-bk-14559<br>Chapter 11 Cases<br>(Jointly Administered) |

4. Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

5. One consolidated docket and one consolidated service list shall be maintained by the Debtors and kept by the Clerk, with separate claim registers for each of the Debtors' cases.

6. Unless otherwise ordered by the Court, ballots shall be styled and filed only in the case name and number of the member case for which the plan being voted on was filed.

7. Parties may request joint hearings matters pending in any of the jointly administered cases.

8. A docket entry shall be made in each of the Debtors' cases substantially as follows:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: Old Corkscrew Plantation, LLC; Old Corkscrew Plantation II, LLC; Old Corkscrew Plantation III, LLC; Old Corkscrew Plantation IV, LLC; Old Corkscrew Plantation V, LLC; and Old Corkscrew Plantation VI, LLC. The docket of Old Corkscrew Plantation, LLC (Case No. 9:11-bk-14559) should be consulted for all matters affecting this case.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**DONE AND ORDERED** in Fort Myers, Florida on _____.

_____
United States Bankruptcy Judge

Copy furnished to:
Paul Steven Singerman, Esq.